UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL ANTHONY RUPE,

Plaintiff,

                Case No.:   CV-08-2454-EFS (PC)

v.                 NOTICE TO PRO SE LITIGANTS OF THE DISMISSAL AND/OR SUMMARY JUDGMENT RULE REQUIREMENTS

M. CATE, et. al.,

Defendants

TO: PAUL ANTHONY RUPE

A Defendant/Respondent in your case has filed a motion to dismiss under Federal Rule of Civil Procedure 12 or a motion for summary judgment under Federal Rule of Civil Procedure 56. If the motion is granted, some or all of your claims will be dismissed, and there will be no trial or evidentiary hearing on those claims. This notice is given because the Ninth Circuit Court of Appeals requires that pro se litigants be given fair notice of the requirements of the summary judgment rule.

Rule 12 Motions Treated as Rule 56 Motions.

In a Rule 12 motion, the Defendant/Respondent generally relies on only what is stated in the complaint (and those items of which the Court can take judicial notice) to assert entitlement to dismissal of the complaint. However, if either party submits other evidence with a motion to dismiss or with a response to the motion, then the Court may treat the motion to dismiss as a motion for summary judgment. See Federal Rule of Civil Procedure 12(b). This Notice is to inform you that if the Defendant or Respondent has submitted evidence in support of a motion to dismiss, the Court will give you notice of its intent to treat the motion as a motion for summary judgment and of the need for you to meet the requirements of Rule 56 set forth below, rather than Rule 12, to oppose such a motion.

Rule 56 Motions.

Under Rule 56, the Defendant/Respondent is required to file with its motion a statement of undisputed material facts and a brief showing why the party is entitled to judgment as a matter of law, as more fully explained below.

Responding to Motions under Rule 56.

When the Defendant/Respondent has filed a Rule 56 motion for summary judgment or a Rule 12 motion to dismiss that will be treated as one filed under Rule 56, you must file a response opposing the motion within 30 days after the date the motion was mailed to you as noted on the certificate of mailing, or within such other time period set by the Court. See Federal Rule Civil Procedure 5(b). **You must file any response within (30) days of receiving this notice, or by November 20, 2009.** Your response must consist of (1) a brief opposing the motion, not to exceed 20 pages in length, (2) a statement of disputed facts, if any, and (3) evidence supporting your claims, such as admissions from the other party, affidavits, declarations, deposition transcripts, or answers to interrogatories that contradict or oppose the moving party's motion and support your claim.  See Federal Rule of Civil Procedure 56(e); Local Rule 56.1(b).  Thereafter, the Defendant/Respondent is entitled to file a reply within 10 days, excluding Federal holidays and weekends.  You are not entitled to file anything further in response.

Summary judgment will be granted when (1) there is no genuine issue of material fact, meaning that there is no real dispute about any fact that would affect the result of your case, and (2) the party is entitled to dismissal of your claims and/or judgment as a matter of law. If the party you are suing meets its burden under Rule 56 by submitting affidavits or other sworn testimony, you cannot rely only on what your complaint says. Instead, you must provide specific facts using the type of evidence set forth above. The evidence must show that there is a genuine issue of material fact that requires a factfinder (usually a jury) to decide the disputed facts.

After reviewing all of the briefing and evidence, the Court will determine whether some or all of your claims should be dismissed. If all of your claims are dismissed, judgment will be entered against you and your case will be closed without a trial or evidentiary hearing.
Please be advised that if you do not file your response opposing the motion within 30 days (or such other time period set by the Court), your failure to file a response will constitute your consent to the Court, granting the motion. See Local Rule

7.1(h)(5). If this occurs, the Court will consider the motion, and, if it has merit, it will dismiss some or all of your claims. If all of your claims are dismissed, judgment will be entered against you and your case will be closed without a trial or evidentiary hearing.

Dated this 9th day of October, 2009

                                                S/ Edward F. Shea
                                                EDWARD F. SHEA, US District Judge