UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PAUL A. RUPE,

              Plaintiff,

       v.

M. CATE, et al.,

             Defendants.

NO. CV-08-2454-EFS

**ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS**

## I.   Introduction

Before the Court, without oral argument, are four motions brought by Plaintiff Paul Rupe: Plaintiff's Motion for Summary Judgment, ECF Nos. 52, 71 & 75, Plaintiff's Motion for Leave of the Court to Conduct Third-Party Discovery, ECF No. 80, Plaintiff's Motion to Compel Discovery, ECF Nos. 81 & 87, and Plaintiff's Motion for Default Judgment, ECF No. 92. Plaintiff is a California state inmate asserting numerous Constitutional claims against state prison employees. After considering the submissions of the parties and applicable case law, statutes, and regulations, the Court is fully informed. For the reasons discussed below, the Court denies Plaintiff's Motion for Summary Judgment, denies Plaintiff's Motion for Leave of the Court to Conduct Third-Party Discovery, denies

ORDER ~ 1

Plaintiff's Motion to Compel Discovery, and denies Plaintiff's Motion for Default Judgment.

## II.  Procedural Background

Plaintiff filed his original Prisoner Civil Rights Complaint on October 26, 2008, ECF No. 1, and filed an Amended Complaint on July 24, 2009.  ECF No. 31.  On August 10, 2010, Defendants filed a Motion to Dismiss.  ECF No. 33.  The Court granted in part and denied in part Defendants' motion, dismissing Plaintiff's claims for injunctive relief regarding conditions specific to Mule Creek State Prison (MCSP) as moot, dismissing Plaintiff's Religious Land Use and Institutionalized Persons Act (RLUIPA) claims for money damages with prejudice, dismissing a portion of Plaintiff's supervisor liability claims without prejudice, and requiring Plaintiff to file an amended complaint.  ECF No. 48.  Plaintiff filed his First Amended Complaint on February 24, 2010.  ECF No. 51.  On March 8, 2010, the Court granted Plaintiff's Motion to Withdraw Plaintiff's Seventh Claim for Relief Contained within the First Amended Complaint, ECF No. 53, striking Plaintiff's Fourth Amendment claim.  ECF No. 54.  After the Court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and directed service, Defendants filed their Answer on June 15, 2010.  ECF Nos. 57, 62 & 68.

Plaintiff first moved for summary judgment on September 16, 2009. ECF No. 37.  The Court stayed Defendants' obligation to oppose this motion until after it heard Defendants' Motion to Dismiss, at which time the Court denied Plaintiff's motion as moot.  ECF Nos. 39 & 50. Plaintiff again moved for summary judgment on March 1, 2010.  ECF No. 52. Because Defendants had not yet filed their answer to Plaintiff's Amended

ORDER ~ 2

Complaint, the Court held Plaintiff's summary judgment motion in abeyance pending Defendants' answer.   ECF No. 67.   After Defendants filed their Answer, Plaintiff renewed his Motion for Summary Judgment on August 2, 2010.   ECF No. 71.   Defendants filed a response in opposition to Plaintiff's motion on May 4, 2011, and Plaintiff filed his reply on May 18, 2011.   ECF Nos. 78 & 79.

In addition to the instant Motion for Summary Judgment, Plaintiff has also filed a Request for Leave of the Court to Conduct Third Party Discovery, ECF No. 80, a Motion to Compel Discovery, ECF No. 81, and a Motion for Default Judgment, ECF No. 92.

### III.   Plaintiff's Motion for Summary Judgment

**A.   Factual Background[1]**

Plaintiff's religious practice is Druidism.  Druidism is a Neo-pagan religion that revives the beliefs and practices of the druids, who were the religious and educational leaders in ancient Gaul.   Plaintiff has been involved in Pagan religious practices since 1985, and has been

---

[1]   When considering this motion and creating this factual section, the Court did not weigh the evidence or assess credibility; instead, the Court believed the undisputed facts and the non-moving party's evidence and drew all justifiable inferences therefrom in the non-moving party's favor.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).  However, the Court did not accept as true assertions made by the opposing party if they were flatly contradicted by the record.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007).  Disputed facts are supported by a citation to the record; undisputed facts are not.

ORDER ~ 3

seriously involved with Paganism since 2005.  Plaintiff completed a course in contemporary Pagan religious practices from the Hermetic Order of the Golden Dawn, and is a registered member of the Order of Bards, Ovates, and Druids (OBOD), a Druid religious group founded in 1946 as a branch of a parent organization founded in the 1700s.  Plaintiff completed a "Bardic course" with OBOD, and is currently enrolled in the organization's "Ovate course."  This course involves extensive use of herbs and meditative practices.  Druidism is Plaintiff's sincerely-held religious belief.

The practice of Druidism involves, *inter alia*, feasts, access to the earth, and the use of herbs, wine, candles, and sweathouses.  Druids celebrate four Fire Festivals annually, on the first days of November, February, May, and August, as well as two Holy Feast days on March 17 and September 2.  Feasts are an integral part of the Druid Fire Festivals. Wine is used in Druid religious ceremonies; non-alcoholic wine is acceptable in Druidic practice.  The herbs used in Druid religious ceremony and practice include hawthorn, yew, honey, angelica, garlic, oak, mistletoe, and sage, among others.  Weekly sweathouse ceremonies are also a central part of Druid religious practice.

In May of 2006, Plaintiff joined Hekau Ya Aset (HYA), a Druid religious group, at MCSP.  The HYA is a nonprofit religious organization whose stated purpose is to promote Pagan religious practice and ideas. Shortly after joining HYA, Plaintiff was assigned to be the Pagan Clerk, an inmate position that required him to "maintain [a] religious services movement list" for all non-Judeo-Christian religious groups.  Within the HYA organization, Plaintiff is a High Priest of Druidry at a level of

7:3.  Defendant is currently housed at the California State Prison at Los Angeles County (LAC).

Plaintiff alleges that he has been restricted in his exercise of Druidism by officials at LAC in a number of ways.  Plaintiff is allowed classroom time for teaching of Druid religious practices, but is not allowed actual practice, which requires contact with the earth.  Rupe Decl., ECF No. 75 at 1-2.  Plaintiff has also not been allowed a Druidism-specific feast, and is not allowed to order ritual items specific to Druidism.  *Id.* at 2.  Plaintiff further alleges that prison officials have restricted his ability to partake in sweathouse ceremonies.  ECF No. 52 at 5.

**B.   Summary Judgment Standard**

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The party seeking summary judgment must show that there is an absence of disputed issues of material fact and that they are entitled to judgment as a matter of law.  Fed. R. Civ. Proc. 56(c).  In other words, the moving party has the burden of showing that no reasonable trier of fact could find other than in their favor.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  In evaluating the merits of a motion for summary judgment, the Court is to view the facts and draw inferences therefrom in the light most

favorable to the non-moving party.  *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999).

The party opposing a motion for summary judgment has a burden to provide sufficient evidence supporting their claims to establish a genuine issue of material fact for trial.  *Anderson*, 477 U.S. at 252; *Chaffin*, 186 F.3d at 1213.  "[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the non[-]moving party must introduce some 'significant probative evidence tending to support [their position].'"  *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252).

**C.  Discussion**

Plaintiff moves for summary judgment on three of his claims: 1) his First Amendment Free Exercise claim; 2) his Equal Protection claim; and 3) his RLUIPA claim.  As a preliminary matter, the Court must address evidentiary objections raised by Defendants in response to Plaintiff's motion.

**1.   Defendants' Evidentiary Objections**

In support of his motion, Plaintiff submitted his own declarations and ten exhibits.  ECF Nos. 52 & 75.  Defendants object to the admission of Exhibits A through J as inadmissible hearsay, and further object to Exhibits C, D, E, F, H, and J as lacking foundation and authenticity.

Under Federal Rule of Civil Procedure 56(e), material presented on summary judgment must be admissible under the rules of evidence.  *In re Sunset Bay Assocs.*, 944 F.2d 1503, 1514 (9th Cir. 1991).  This evidence must be in the record before the Court, and may consist of depositions,

documents, electronically-stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials.  *See* Fed. R. Civ. P. 56(c)(1)(A).

### a.   Hearsay Evidence

Federal Rule of Evidence 801 defines hearsay as an out-of-court statement offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801.  Hearsay statements are generally inadmissible unless an exception applies.  Fed. R. Evid. 802.  Exceptions to the hearsay rule are set forth in Rules 803 and 804; evidence may also be admitted under the "residual exception" if the statement has sufficient indicia of reliability, if it is more probative on the point than other evidence which the proponent can procure through reasonable efforts, and if admission will generally serve the interests of justice.  Fed. R. Evid. 807.  Defendants object to all of Plaintiff's proffered exhibits as hearsay; Plaintiff has cited no exception to the hearsay rule under which these exhibits may be admitted.

Exhibits A, B, and G to Plaintiff's motion appear to be letters written to Plaintiff from various Druid religious leaders.  Each of these letters is an out-of-court statement that appears to be offered to prove the truth of statements made therein.  Finding no exception to the hearsay rule under which these letters may be admitted, the Court finds that Exhibits A, B, and G are inadmissible hearsay and does not consider them.

Exhibits C, D, E, H, and J appear to be excerpts from Druid books. Each appears to be offered to prove the truth of the statements made therein.  None of these excerpts includes information about the author,

1  publisher, or publication date that the Court might use to evaluate
2  whether they are admissible under the learned treatises exception in
3  Federal Rule of Evidence 803(18).  Unable to evaluate whether these
4  excerpts qualify as learned treatises, and finding no other exception to
5  the hearsay rule under which these excerpts may be admitted, the Court
6  finds that Exhibits C, D, E, H, and J are inadmissible hearsay and does
7  not consider them.

8      Exhibit F contains copies of two typewritten articles, "Grove of the
9  Oak, Druid Sweathouse Ceremony" and "Druid Meditation Sequences."
10 Plaintiff identifies himself as the author of the former in his first
11 declaration, Rupe Decl., ECF No. 52 ¶ 6.  Plaintiff does not explicitly
12 identify himself as the author of the latter article, but does reference
13 a "thesis concerning meditation and how it relates to various traditions"
14 in his declaration.  *See* Rupe Decl., ECF No. 52 ¶ 4.  In the context of
15 the instant motion, these articles appear to be offered not to prove the
16 truth of statements expressed therein, but rather to demonstrate that
17 Plaintiff has indeed developed plans for a Druid sweathouse.  Thus,
18 Exhibit F is not hearsay evidence, and will be admitted if it may be
19 authenticated.

20     Exhibit I is a typewritten letter from Plaintiff to one Jean Walker,
21 described in the letter as "Community Partnership Manager," presumably
22 at LAC.  The letter is titled "Accommodation of Religiously Significant
23 Foods and Celebrations" and appears to propose a system by which the
24 prison might allow inmates to order religiously-significant foods.  As
25 with Exhibit F, Exhibit I does not appear to be offered to prove the
26 truth of the statements contained therein, but rather to demonstrate that

Plaintiff has indeed requested the ability to order religiously-significant foods while housed at LAC. Exhibit I is thus not hearsay evidence and, like Exhibit F, will be admitted if it has been authenticated and if a proper foundation has been laid.

### b.   Authentication & Foundation

Federal Rule of Evidence 901 requires that evidence be authenticated in order to be admissible. The authentication requirement "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Evidence may be authenticated by, among other things, the testimony of a witness with knowledge, a nonexpert opinion regarding handwriting, comparison by the trier of fact or an expert witness, or by distinctive characteristics of the evidence itself. *Id.* at 901(b)(1)-(4). "[D]ocuments which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).

Here, Exhibits F and I have been authenticated because they are Plaintiff's own writings and they are referenced in Plaintiff's first declaration, which true to form concludes with the statement that Plaintiff "declare[s] under penalty of perjury under both federal and state law that the foregoing is true and correct." Rupe Decl., Ex. 52 at 4. Additionally, Plaintiff's declaration lays a proper foundation for the admission of these documents because it is based on his personal knowledge, namely, the fact that he wrote them.

Accordingly, Exhibits F and I are admitted. In the interest of perfect clarity, the Court notes that it is only considering Plaintiff's

1  Exhibits F and I for purposes *other than* the truth of the statements

2  contained therein.    The Court also considers both of Plaintiff's

3  declarations.   ECF Nos. 52 & 75.

4      **2.   Plaintiff's Free Exercise Claim**

5      Plaintiff alleges that Defendants' restrictions on his ability to

6  engage in Druid sweathouse practices and feasts violate the Free Exercise

7  Clause of the First Amendment.   "While the Supreme Court has noted that

8  prison walls do not form a barrier separating prison inmates from the

9  protections of the Constitution, it nevertheless acknowledges that

10 subjecting the day-to-day judgments of prison officials to an inflexible

11 strict scrutiny analysis would seriously hamper their ability to

12 anticipate security problems and to adopt innovative solutions to the

13 intractable problem of prison security." *Resnick v. Adams*, 348 F.3d 763,

14 768 (9th Cir. 2003) (citing *Turner v. Safley*, 482 U.S. 78, 84, 89 (1987))

15 (internal quotation omitted).   "When a prison regulation impinges on

16 inmates' constitutional rights, the regulation is valid if it is

17 reasonably related to legitimate penological interests." *Turner*, 482

18 U.S. at 89.

19     Courts in this Circuit apply a four-factor test to determine whether

20 a regulation is reasonably related to a legitimate penological interest:

21     First, there must be a valid, rational connection between the
       prison regulation and the legitimate governmental interest put
22     forward to justify it.   Second, whether there are alternative
       means of exercising the right that remain open to prison
23     inmates must be assessed.   Third, the impact accommodation of
       the asserted constitutional right will have on guards and
24     other inmates, and on the allocation of prison resources
       generally must be determined.   Fourth, the absence of ready
25     alternatives to the regulation must be explored. The existence
       of obvious, easy alternatives may be evidence that the
26     regulation is not reasonable.

ORDER ~ 10

*Ward v. Walsh*, 1 F.3d 873, 876 (9th Cir. 1993) (citing *Turner*, 482 U.S. at 89) (internal citation omitted).

Evaluation of the four *Turner* factors would require the Court to make specific factual findings and carefully balance the implicated interests. *See, e.g.*, *Ward v. Walsh*, 1 F.3d at 879 (remanding Free Exercise claim to District Court because "[i]n the absence of sufficient factual findings regarding the second, third, and fourth factors, it is impossible for us to determine whether the denial of a kosher diet is reasonably related to the prison's legitimate interest"); *Resnick*, 348 F.3d at 769-71 (analyzing prison regulations, prison program statements, inmate application forms, and the status of other inmates in addressing a Free Exercise challenge to prison diet application). *Turner*'s third factor, for example, which requires an examination of the impact that accommodating a right would have on prison resources and other inmates, would require the Court to examine the landscape of religious regulations, religious activities, and prison resources currently in place at LAC, and to make findings regarding the impact Druid sweathouse practices and feasts would have on this scheme. Such findings are impossible on the paucity of evidence before the Court, and summary judgment is thus inappropriate at this early stage. The Court thus finds that Plaintiff failed to meet his burden under Rule 56 of showing that no issues of material fact exist and that he is entitled to judgment as a matter of law.

### 3.   Plaintiff's Equal Protection Claim

Plaintiff alleges that the restrictions Defendants have placed on his Druid religious practice violate the Equal Protection Clause of the

Fourteenth Amendment because the accommodations he requests are "already allowed in the prison system for use by other religious practices." ECF No. 52 at 7. Plaintiff supports this argument by reference only to his First Amended Complaint and to assertions contained in his declarations. *Id*.

Plaintiff's first declaration contains two statements relevant to his Equal Protection argument. The first is the assertion that "[t]hough food for religious events are permitted (see 15 CCR 3083), LAC does not permit these events for non-Judeo-Christian groups." Rupe Decl., ECF No. 52 Ex. 1 ¶ 8. Second, Plaintiff asserts that "[o]ils, incenses, candles and other miscellaneous Pagan religious items are currently approved for use at many California prisons and are thus not a security issue." *Id*. Ex. 1 ¶ 11. Plaintiff also directs the Court's attention to Exhibit I, his letter to Ms. Walker proposing food for Druid feasts. *Id*. Ex. 1 ¶ 8.

Plaintiff's second declaration contains one statement relevant to his Equal Protection argument. Plaintiff states that "[e]ven though the Druid group is as large, in practice, as the Wicca group and larger than the Odinist group, and larger than every Judeo-Christian group, with the exception of the Protestants, I can only order Wicca or Odinist items unrelated to Druidism." Rupe Decl., ECF No. 75 at 2.

When viewed in the light most favorable to Defendants, neither Plaintiff's assertions about disparate treatment of Druids nor his proposal for a Druid feast program demonstrate that Plaintiff is entitled to judgment as a matter of law on his Equal Protection claim; indeed, they are barely sufficient to satisfy Rule 8's requirement that a

ORDER ~ 12

plaintiff allege sufficient facts to plausibly give him an entitlement to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1939 (2009). Because Plaintiff failed to meet his initial burden under Rule 56 of showing that he is entitled to judgment as a matter of law, the Court denies Plaintiff's motion with regard to his Equal Protection claim.

### 4. Plaintiff's RLUIPA Claim

Plaintiff alleges that Defendants have restricted his religious practices in violation of RLUIPA, The Religious Land Use and Institutionalized Persons Act. Per the Court's February 1, 2010 Order Granting and Denying in Part Defendants' Motion to Dismiss and Granting Defendants' Motion to Strike, ECF No. 48, Plaintiff's RLUIPA claim is limited to a plea for injunctive relief. *Id*. at 15-18.

RLUIPA dictates that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government shows that the burden furthers "a compelling government interest" and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1) & (2). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* at § 2000cc-5(7)(A); *see also Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005). RLUIPA is to "be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of [the statute] and the Constitution." 42 U.S.C. § 2000cc-3(g).

A prima facie RLUIPA claim thus has two elements: the plaintiff must demonstrate that he is engaging in a religious exercise, and that a government institution has substantially burdened this exercise. *See*

*Greene v. Solano Cnty. Jail*, 513 F.3d 982, 986-87 (9th Cir. 2008). Once the plaintiff makes the requisite showing, the government must then demonstrate that such a burden furthers a compelling government interest, and that it does so by the "least restrictive means." *Id.* at 988 (citing 42 U.S.C. § 2000cc-1(a) & 2(b)).

Here, it is undisputed that Defendants qualify as an institution under the act. *See Khatib v. Cnty. of Orange*, 639 F.3d 898, 902 (9th Cir. 2011) (noting that RLUIPA incorporates by reference the Civil Rights of Instutionalized Persons Act of 1980's definition of "institution," which includes "any facility or institution that is a jail, prison, or other correctional facility." (internal quotation omitted)). Plaintiff has also submitted sufficient evidence to demonstrate that his Pagan religious practices are "religious exercise" under the RLUIPA; it is undisputed that Druidism is his sincerely-held religious belief and that weekly sweathouse ceremonies are both central to, and a sacred part of, Druid religious practices. *See* ECF No. 78 at 3. However, Plaintiff has presented no evidence demonstrating that his Druid religious beliefs have been "substantially burdened," nor showing that such a burden fails to meet the RLUIPA's strict scrutiny test. While Plaintiff's First Amended Complaint alleges a number of substantial burdens on his religious exercise, Plaintiff's admitted evidence, which is limited to his two declarations and Exhibits F and I of his moving papers, fails to demonstrate that there are no material factual issues regarding the substantiality of the burden placed on his religious exercise.

Furthermore, even if Plaintiff had demonstrated a substantial burden to his religious exercise, summary judgment would be inappropriate

because Plaintiff has introduced no evidence whatsoever to show that Defendants' actions fail RLUIPA's strict scrutiny test. Prison security is a compelling government interest, *see Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005), but the question of whether the restrictions allegedly placed on Defendant are the least restrictive means to achieve this goal will involve substantial factual questions. *See, e.g.*, *Greene*, 513 F.3d at 989 (reversing district court's grant of summary judgment to defendants because genuine issues of material fact existed with regard to least restrictive means analysis). Because Plaintiff has not demonstrated that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law, the Court denies Plaintiff's motion for summary judgment.

**5.   Conclusion**

The Court denies Plaintiff's Motion for Summary Judgment because Plaintiff has not met his initial burden under Rule 56. Plaintiff's remaining claims survived Defendants' Motion to Dismiss, ECF No. 33, because for the purposes of evaluating a motion to dismiss, the Court construes the pleadings in the light most favorable to the *plaintiff* and accepts as true all factual allegations in the complaint. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). At the summary judgment stage, however, the Court views all evidence in the light most favorable to the *non-moving party*, and both parties' assertions must be supported by admissible evidence. While Plaintiff correctly observes that summary judgment can present a "'put up or shut up' moment" to a party that has failed to support his position with evidence from which a trier of fact could reasonably find in their favor, the burden-shifting Plaintiff

references only occurs after the moving party has demonstrated that there are no material factual issues and that he is entitled to judgment as a matter of law.  At this stage in the case, Plaintiff's evidence shows neither an absence of factual issues nor a legal entitlement to relief, and his motion is thus denied.

## IV.   Plaintiff's Motion for Leave of the Court to Conduct Third-Party Discovery

On May 31, 2011, Plaintiff filed a Request for Leave of the Court to Conduct Third-Party Discovery, ECF No. 80, which the Court construes as a motion.   Plaintiff seeks an order allowing him to discover information relating to analysis that may or may not have been conducted on a handwritten note by the Amador County District Attorney's Office; the handwritten note at issue formed the basis of Plaintiff's September 2007 disciplinary sanction.  *See* ECF No. 78 Ex. 1 ("Rules Violation Report" of September 18, 2007).  Plaintiff asserts that information about whether the note was analyzed by a handwriting expert is relevant to his First Amendment retaliation claim because it may support his assertion that he was charged "with full knowledge Plaintiff had not written note." Rupe Decl., ECF No. 80 ¶ 4.

In support of his motion, Plaintiff cites Federal Rules of Civil Procedure 26(b)(1), (b)(3)(A)(ii), and (b)(3)(C)(i), and 31(a)(2)(A)(i) and (a)(4).  Plaintiff cites *Nelson v. City of Daivs*, 571 F.3d 924 (9th Cir. 2009), in support of his motion but this case involves the so-called "sham affidavit" doctrine, and not the issue of third-party discovery.

While the Court has broad discretion under Rule 26(b)(2) to extend or modify discovery procedures, the Court declines to do so because Plaintiff has several alternative means of retrieving the information he

ORDER ~ 16

seeks: Plaintiff can request the information he seeks directly from Defendants using a request for production, or he can seek such information from Mr. Rios either informally or through a subpoena duces tecum under Federal Rule of Civil Procedure 45.   Accordingly, the Court denies Plaintiff's motion.

## V.   Plaintiff's Motion to Compel Discovery

### A.   Procedural Background

On January 14, 2009, the Court's First Informational Order in Prisoner Civil Rights Case, ECF No. 12, placed an initial stay on discovery pending the filing of an answer and issuance of the Court's Discovery Order.   On April 4, 2011, after Plaintiff filed his First Amended Complaint and Defendants filed their Answer, the Court lifted the discovery stay.   ECF No. 74.   Plaintiff submitted his first set of production requests to Defendants on April 13, 2011, and Defendants served their response on May 31, 2011.   Dissatisfied with Defendants' response, Plaintiff filed a Motion to Compel Discovery on July 11, 2011. ECF No. 81.   Defendants filed their response on August 26, 2011, ECF No. 85, and Plaintiff renewed his motion, which the Court construes as a reply, on September 1, 2011.   ECF No. 87.

### B.   Discussion

Plaintiff seeks to compel answers to requests six through twelve of his first Request for Production of Documents.   Defendants have objected to requests six through twelve, and have produced some documents in response to Plaintiff's seventh, eighth, ninth, and tenth requests; Defendants have produced no documents in response to Plaintiff's sixth, eleventh, and twelfth requests.

The Court's January 14, 2009 First Informational Order in Prisoner Civil Rights Case included specific instructions for complying with the discovery requirements of Federal Rule of Civil Procedure 37.   *See* ECF No. 12 ¶ 8.   The Court's Order stated as follows:

> Where the discovery response is unsatisfactory, the litigant seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto. Fed. R. Civ. P. 37. A motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the litigant not making the disclosure in an effort to secure the disclosure without court action. Fed. R. Civ. P. 37(a)(1). In addition, at least ten (10) days before the hearing, the litigants must file either: (1) a joint statement of conferment in good faith together with a list and description of unresolved issues or (2) individual statements describing efforts to confer together with a list and description of unresolved issues. Statements must not exceed ten (10) pages without first obtaining the District Judge's approval. **A discovery motion that does not comply with all applicable rules will be stricken and may result in the imposition of sanctions.**

Plaintiff's Motion to Compel was not accompanied by a certification that he conferred or attempted to confer with Defendants.   Furthermore, neither of the parties have filed a joint statement of conferment or an individual statement describing efforts to confer.   Accordingly, the Court denies Plaintiff's motion.   Plaintiff may renew his motion, if necessary, after he has complied with the requirements of Rule 37.

## VI.   Plaintiff's Motion for Default Judgment

Plaintiff has also filed a Motion for Default Judgment, ECF No. 92, arguing that he is entitled to default judgment against the twenty-one Defendants named in his original complaint.   Defendants oppose Plaintiff's motion, arguing that these Defendants are no longer a party to this case, and alternatively requesting clarification regarding the status of these Defendants.   ECF No. 93.

ORDER ~ 18

It appears that there is some confusion about which Defendants are still parties to this matter.  Plaintiff's original Complaint of October 16, 2008, ECF No. 1, named the following twenty-one Defendants: Baptista, Barnham, B. Bueno, V. Bueno, M. Cate, Chamberlain, Green, Knipp, Kullicta, Kuric, Lockhart, D. Long, G. Machado, M. Martel, L. Martinez, Muhammed, Rutherford, R.J. Subia, Takehari, J. Texeira, and P. Vanni (collectively, "the Original Defendants.").  The Court screened Plaintiff's complaint and directed service to the Original Defendants on February 27, 2009.  ECF No. 18.  On February 1, 2010, the Court granted in part and denied in part Defendants' Motion to Dismiss, and ordered Plaintiff to file an amended complaint.  ECF No. 48.

Plaintiff filed a First Amended Complaint on February 24, 2010, naming the twenty-one Original Defendants, as well as the following fifteen defendants: J. Burkard, H. Lackner, B. Rathjen, M. Bennett, L.B. Reaves, M. Allen, R. Nakanoto, B.M. Cash, C. Fortson, J. Sebok, A. Omeira, Bowen, K. Bradford, M. Beutcher, and L. Rushing (collectively, "the Additional Defendants).  ECF No. 51.  On March 23, 2010, Defendants filed a Request for Screening under 28 U.S.C. § 1915A(a), asking the Court to screen Plaintiff's First Amended Complaint with regard to the Additional Defendants.  ECF No. 56.  The Court granted Defendants' request and screened Plaintiff's complaint.  ECF No. 57.

On March 25, 2010, in connection with the Court's Order granting Defendant's Request for Screening, the Court entered a Party Update.[2]

---

[2] Plaintiff expresses some confusion regarding the "ECF Party Update of March 25, 2010" in his Motion to Compel.  ECF No. 87 at 3.  The acronym "ECF" stands for "Electronic Court Filing."  The Eastern District

ORDER ~ 19

This Party Update was intended to terminate the Additional Defendants pending the screening of Plaintiff's complaint, at which time they would again become parties to the case.  Due to a clerical error, however, the Party Update instead terminated the *Original* Defendants, as to whom Plaintiff's complaint had already been screened.  On April 12, 2010, the Court directed service to the Additional Defendants.  ECF No. 62.

Because the Original Defendants were terminated in error, the Court directs the Clerk of Court to re-activate the Original Defendants in the ECF docket.  Under the circumstances, the Court excuses the Original Defendants' failure to respond to Plaintiff's Amended Complaint, and therefore denies Plaintiff's Motion for Default Judgment.  The Original Defendants shall answer Plaintiff's Amended Complaint within thirty days of this Order.

## VII.   Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion for Summary Judgment, denies Plaintiff's Motion for Leave of the Court to Conduct Third-Party Discovery, denies Plaintiff's Motion to Compel Discovery, and denies Plaintiff's Motion for Default Judgment.

///

///

//

/

---

of California requires parties to file electronically and to serve pro se parties in paper.  L.R. 133.  Because the Court's March 25, 2010 Party Update effected an administrative change, and was not a Court Order or party filing, Plaintiff was not served with a copy.

ORDER ~ 20

1      Accordingly, **IT IS HEREBY ORDERED:**

2      1.  Plaintiff's Motions for Summary Judgment, **ECF Nos. 52, 71 & 75,**

3  are **DENIED.**

4      2.  Plaintiff's Motion for Leave of the Court to Conduct Third-Party

5  Discovery, **ECF No. 80,** is **DENIED.**

6      3.  Plaintiff's Motions to Compel Discovery, **ECF Nos. 81 & 87,** are

7  **DENIED.**

8      4.  Plaintiff's Motion for Default Judgment, **ECF No. 92,** is **DENIED.**

9      5.  The Clerk of Court is **DIRECTED** to re-activate the following

10 Defendants in this case: Baptista, Barnham, B. Bueno, V. Bueno, M. Cate,

11 Chamberlain, Green, Knipp, Kullicta, Kuric, Lockhart, D. Long, G.

12 Machado, M. Martel, L. Martinez, Muhammed, Rutherford, R.J. Subia,

13 Takehari, J. Texeira, and P. Vanni.

14     6.  Defendants Baptista, Barnham, B. Bueno, V. Bueno, M. Cate,

15 Chamberlain, Green, Knipp, Kullicta, Kuric, Lockhart, D. Long, G.

16 Machado, M. Martel, L. Martinez, Muhammed, Rutherford, R.J. Subia,

17 Takehari, J. Texeira, and P. Vanni **shall answer Plaintiff's Amended**

18 **Complaint within 30 days of the entry of this Order.**

19     **IT IS SO ORDERED.**  The District Court Executive is directed to enter

20 this Order and to provide copies to Plaintiff and counsel.

21     **DATED** this ___11th___ day of October 2011.

22

23     _____

24                      S/ Edward F. Shea

                          EDWARD F. SHEA
25                   United States District Judge

26

C:\WINDOWS\Temp\notes101AA1\ed.ca.08.2454.SJ.1c2.wpd

ORDER ~ 21