|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF CALIFORNIA<br>SACRAMENTO DIVISION | |
| PAUL ANTHONY RUPE,<br><br>        Plaintiff,<br><br>    v.<br><br>M. CATE, R.J. SUBIA, M. MARTEL, D. LONG, W. KNIPP, G. MACHADO, R.M. KUDLATA, A.L. CHAMBERLAIN, V. BUENO, B. BUENO, A. GREEN, K. RUTHERFORD, J. TEXEIRA, L. MARTINEZ, D. BAPTISTA, S. BARNHAM, KURIC, S. MUHAMMED, TAKEHARI, LOCKHART, J. BURKARD, M. LACKNER, B. RATHJEN, M. BENNETT, L.B. REAVES, M. ALLEN, R. NAKANOTO, B.M. CASH, C. FORTSON, J. SEBOK, A. OMEIRA, BOWEN, K. BRADFORD, M. BEUCHTER, P. VANNI, L. RUSHING, L. JACKSON, and D.J. WILLIAMS,<br><br>        Defendants. | NO. CV-08-2454-EFS (PC)<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO SUBMIT SERVICE-RELATED DOCUMENTS** |

Before the Court is pro se state prisoner Plaintiff Paul Anthony Rupe's Second Amended Complaint. ECF No. 101. Mr. Rupe asserts nine claims against a total of thirty-eight Defendants, alleging numerous violations of his federal statutory and constitutional rights. In accordance with the Court's November 21, 2011 Order, ECF No. 100, the Court screens Mr. Rupe's Second Amended Complaint pursuant to 28 U.S.C.

ORDER * 1

§ 1915A. For the reasons discussed below, the Court dismisses aspects of Plaintiff's Second Amended Complaint, and orders Plaintiff to prepare and return service documents so that the U.S. Marshals may serve the complaint on all heretofore-unserved named Defendants.

## I. Mr. Rupe's Second Amended Complaint

Under the Prisoner Litigation Reform Act of 1995, the Court is required to screen prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief are properly dismissed. *Id.* §§ 1915A(b)(1), (2) & 1915(e)(2).

After review, the Court finds that the complaint as a whole states plausible constitutional claims under 42 U.S.C. § 1983, as well as plausible claims under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 *et. seq.* (RLUIPA). However, several of Mr. Rupe's claims fail to state a claim upon which relief can be granted and must be dismissed.

Several of Mr. Rupe's claims seek injunctive relief against Defendant Martel, who is the warden of Mule Creek State Prison (MCSP), and one of Mr. Rupe's claims seeks injunctive relief against Defendants Rathjen, Bennett, Reaves, and Nakanoto, who are correctional counselors at MCSP (Defendant Nakanoto is alleged to be a classification services representative for the California Department of Corrections). As noted in the Court's February 1, 2010 Order, Mr. Rupe's claims for injunctive relief against officials at MSCP are moot because Mr. Rupe was

transferred from MCSP during June 2009 and he has no reasonable expectation that he will be transferred to that facility again. *See* ECF No. 48 at 8-9; *see also Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner claim for injunctive relief moot upon prisoner's transfer to new facility). As such, the following claims are dismissed as they relate to Defendant Martel: Mr. Rupe's First Amendment Free Exercise claim, Mr. Rupe's Fourteenth Amendment Equal Protection claim, and Mr. Rupe's RLUIPA reasonable accommodation claim. Additionally, Mr. Rupe's Eighth Amendment claim for injunctive relief is dismissed as it relates to Defendants Rathjen, Bennett, Reaves, and Nakanoto.

Mr. Rupe's remaining claims state plausible claims for relief and are not dismissed. Nothing in this Order, however, should be read to preclude or discourage Defendants from filing a motion to dismiss or motion for summary judgment with regard to any or all of Mr. Rupe's remaining claims.

**II.  Service of Defendants Martinez, Jackson, and Williams**

Of the thirty-eight Defendants named in Mr. Rupe's Second Amended Complaint, the following thirty-five have previously been served: M. Cate, R.J. Subia, M. Martel, D. Long, W. Knipp, G. Machado, R.M. Kudlata, A.L. Chamberlain, V. Bueno, B. Bueno, A. Green, K. Rutherford, J. Texeira, D. Baptista, S. Barnham, Kuric, S. Muhammed, Takehari, Lockhart, J. Burkard, M. Lackner, B. Rathjen, M. Bennett, L.B. Reaves, M. Allen, R. Nakanoto, B.M. Cash, C. Fortson, J. Sebok, A. Omeira, Bowen, K. Bradford, M. Beuchter, P. Vanni, and L. Rushing. Three Defendants have not been served: Defendant L. Martinez was previously named in this

ORDER * 3

lawsuit but had not been served, *see* ECF No. 98, and Defendants L. Jackson and D.J. Williams have not previously been named.

Accordingly, the Court orders Mr. Rupe to prepare and return service documents for L. Martinez, L. Jackson, and D.J. Williams so that the U.S. Marshals may serve the Second Amended Complaint on these heretofore-unserved Defendants. **Mr. Rupe must prepare and return the service documents, as well as file the attached Notice of Submission of Documents, within forty-five (45) days of the entry of this Order**.

### III. Mr. Rupe's Motion to Extend Discovery

Also before the Court is Mr. Rupe's Motion to Extend Discovery for 90 Days After the Answering of the Second Amended Complaint. ECF No. 102. Mr. Rupe asks the Court to extend the currently-set discovery cutoff of February 20, 2012, in light of his Second Amended Complaint, ECF No. 101, which was filed on December 14, 2011. Because Mr. Rupe's Second Amended Complaint names two additional Defendants, the discovery stage of this case must be re-opened. Accordingly, the Court strikes the currently-set discovery cutoff of February 20, 2012. Once Defendants have filed an answer or answers to Mr. Rupe's Second Amended Complaint, the Court will issue a scheduling order setting pre-trial deadlines, a pretrial conference date, and a trial date.

### IV. Plaintiff's Motion to Strike

Finally, it has come to the Court's attention that Mr. Rupe's October 11, 2011-filed Motion to Strike and Reply to Defendants' Opposition to Motion for Default Judgment, ECF No. 95, is still pending. The Court had construed this motion as a reply in addressing Mr. Rupe's Motion for Default Judgment, ECF No. 92, which the Court denied in its

October 13, 2011 Order Addressing Plaintiff's Motions, ECF No. 96. Accordingly, Mr. Rupe's motion to strike is denied as moot.

## V. Conclusion

For the reasons discussed above, several of Mr. Rupe's claims for injunctive relief are dismissed. Mr. Rupe is directed to prepare and return service documents for Defendants Martinez, Jackson, and Williams within forty-five (45) days. When Mr. Rupe has returned these documents and filed the attached Notice of Submission of Documents, the Court will direct the U.S. Marshals to serve the Second Amended Complaint on those three Defendants.[1] The Court's Order directing service will lift the stay on Defendants' responsibility to answer Mr. Rupe's complaint, *see* ECF No. 100, and will include specific instructions for answering the complaint. When answering Plaintiffs' Second Amended Complaint, **Defendants do not need to respond to the following dismissed claims**: Mr. Rupe's First Amendment Free Exercise claim as it relates to Defendant Martel, Mr. Rupe's Fourteenth Amendment Equal Protection claim as it relates to Defendant Martel, Mr. Rupe's RLUIPA reasonable accommodation claim as it relates to Defendant Martel, and Mr. Rupe's Eighth Amendment claim for injunctive relief as it relates to Defendants Rathjen, Bennett, Reaves, and Nakanoto.

Additionally, the Court strikes the February 20, 2012 discovery cutoff and denies Mr. Rupe's motion to strike as moot.

//

/

---

[1] The thirty-five previously-served Defendants have already appeared and thus receive electronic service of filings in this matter.

ORDER * 5

For the reasons discussed above, **IT IS HEREBY ORDERED**:

1. Service is appropriate for all heretofore-unserved named Defendants (**L. Martinez, L. Jackson**, and **D.J. Williams**).

2. The Clerk of Court shall immediately send Plaintiff a USM-285 form for each Defendant to be served, as well as a summons, instruction sheet, and a copy of the Second Amended Complaint, ECF No. 101.

3. Within **forty-five (45) days** from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

   a. The completed Notice of Submission of Documents;
   b. One completed summons;
   c. One completed USM-285 form for each Defendant listed in paragraph 1 above; and
   d. Three (3) copies of the Second Amended Complaint, ECF No. 101.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. After receiving the above-described documents, the Court will issue a separate Order requiring the U.S. Marshals to serve each Defendant listed in paragraph 1.

5. The Court cautions Plaintiff that failing to submit the above-described documents within **forty-five (45) days** will be construed as permission to **dismiss this lawsuit in regard to the three above-named Defendants** under Federal Rule of Civil Procedure 41.

6. Plaintiff's Motion to Extend Discovery for 90 Days After the Answering of the Second Amended Complaint, **ECF No. 102**, is **GRANTED in part**. The currently-set February 20, 2012 discovery cutoff is **STRICKEN**.

ORDER * 6

1     7. Plaintiff's Motion to Strike and Reply to Defendants' Opposition to Motion for Default Judgment, **ECF No. 95**, is **DENIED as moot.**

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff, counsel, and the U.S. Marshals Service.

    **DATED** this   24th   day of January 2012.

                               s/ Edward F. Shea
                                 EDWARD F. SHEA
                         United States District Judge

C:\WINDOWS\Temp\notes101AA1\ED.CA.08.2454.screen.lc2.wpd

ORDER * 7

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF CALIFORNIA
                         SACRAMENTO DIVISION
```

| | |
|---|---|
| PAUL ANTHONY RUPE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. CATE, R.J. SUBIA, M. MARTEL, D. LONG, W. KNIPP, G. MACHADO, R.M. KUDLATA, A.L. CHAMBERLAIN, V. BUENO, B. BUENO, A. GREEN, K. RUTHERFORD, J. TEXEIRA, L. MARTINEZ, D. BAPTISTA, S. BARNHAM, KURIC, S. MUHAMMED, TAKEHARI, LOCKHART, J. BURKARD, M. LACKNER, B. RATHJEN, M. BENNETT, L.B. REAVES, M. ALLEN, R. NAKANOTO, B.M. CASH, C. FORTSON, J. SEBOK, A. OMEIRA, BOWEN, K. BRADFORD, M. BEUCHTER, P. VANNI, L. RUSHING, L. JACKSON, and D.J. WILLIAMS,<br><br>　　　　　Defendants. | NO. CV-08-2454-EFS (PC)<br><br>**NOTICE OF SUBMISSION OF DOCUMENTS** |

　　　Plaintiff hereby submits the following documents in compliance with the Court's Order filed _____:

　　　_____　　　completed summons form;

　　　_____　　　completed USM-285 forms; and

　　　_____　　　copies of the Second Amended Complaint, ECF No. 101.

　　　　　　　　　　　　　　　　DATED: _____

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Paul Anthony Rupe
　　　　　　　　　　　　　　　　Plaintiff

NOTICE OF SUBMISSION OF DOCUMENTS ~ 1