UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| PAUL ANTHONY RUPE,<br><br>          Plaintiff,<br><br>     v.<br><br>M. CATE, Secretary of Corrections, et. al.,<br><br>          Defendants. | NO. CV-08-2454-EFS (PC)<br><br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND STRIKING SCHEDULING CONFERENCE** |

Before the Court, without oral argument, is Defendants' Motion to Revoke In Forma Pauperis Status under 28 U.S.C. [§] 1915(g), ECF No. 112. Though Mr. Rupe has not responded to Defendants' motion, the Court finds that it is fully informed after reviewing the submitted material and applicable authority. For the reasons discussed below, the Court revokes Mr. Rupe's in forma pauperis status, requires him to pay the $350.00 filing fee in full within thirty days, and strikes the June 19, 2012 scheduling conference

**I.   Background**

Mr. Rupe filed the Complaint in this matter on October 16, 2008, ECF No. 1, and filed an Amended Complaint on July 24, 2009. ECF No. 31. On February 1, 2010, the Court granted in part and denied in part Defendants' motion to dismiss, ECF No. 48, and on February 24, 2010, Mr. Rupe filed a second Amended Complaint. ECF No. 51. Defendants answered

ORDER * 1

the Complaint on June 15, 2010.  ECF No. 68.  On October 13, 2011, the Court denied Mr. Rupe's motions for summary judgment, for leave to conduct third-party discovery, and to compel discovery.  ECF No. 96.  Mr. Rupe filed a third Amended Complaint on December 14, 2011, ECF No. 101, which Defendants answered on February 16, 2012.  ECF No. 105.  A telephonic status conference is set for June 19, 2012.  ECF No. 107.

**II.  Defendants' Motion to Revoke In Forma Pauperis Status**

Defendants move to revoke Mr. Rupe's in forma pauperis status pursuant to § 1915 because Mr. Rupe has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  When a prisoner has three or more "strikes" under § 1915(g), the Court must revoke the prisoner's in forma pauperis status and give him an opportunity to pay the filing fee.[1]  *Id*.  ("*In no event shall* a prisoner bring a civil action or appeal a judgment" if they meet the above criteria); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  "Not all unsuccessful cases qualify as a strike under § 1915(g)," however, and courts must make a "careful evaluation of the order dismissing an action" before determining that the prior action was dismissed because it was frivolous, malicious, or failed to state a claim.  *Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005).  Defendants bear the burden of producing

---

[1] Section 1915(g) contains an exception in cases where an inmate is "under imminent danger of serious physical injury," but the nature of Mr. Rupe's claims do not implicate this exception.

ORDER * 2

documentary evidence showing that Mr. Rupe has three or more § 1915(g) strikes. *Id.* at 1120.

As a preliminary matter, the Court takes judicial notice of the prior court records Defendants submitted, ECF No. 112-2, pursuant to Federal Rule of Evidence 201(c)(2). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Here, the Court takes notice of the three prior dismissed actions and one prior dismissed appeal referenced in the materials Defendants submitted. The Court analyzes each matter in turn to determine whether each was dismissed as frivolous, malicious, or for failing to state a claim.

**A.** ***Paul Anthony Rupe v. J.S. Woodward, et al.*, E.D. Cal. no. CIV-S-04-2630 LKK DAD & 9th Cir. no. 06-15905**

The dismissals of this case by both the district court and the Ninth Circuit qualify as strikes under § 1915(g). The District Court's Order adopting the Magistrate Judge's report and recommendation clearly states: "[t]his action is dismissed for failure to state a claim." ECF No. 112-2 at 13. And the submitted Ninth Circuit docket for the case indicates that Mr. Rupe's motion to proceed in forma pauperis was denied on July 20, 2006, and the case was dismissed for failure to prosecute on August 21, 2006, because Mr. Rupe had not paid the filing fee. *Id.* at 18. Because the Ninth Circuit denied Mr. Rupe's motion for in forma pauperis status after his case had been dismissed for failure to state a claim and required Mr. Rupe to "simultaneously show cause why the jgmt [sic]

ORDER * 3

1  challenged in this appeal should not be summarily affirmed," and because
2  § 1915 applies to both actions and appeals, the Ninth Circuit's dismissal
3  for failure to prosecute counts as a strike under § 1915(g). *See O'Neal*
4  *v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term
5  "dismissed" under § 1915(g) to include termination by the court following
6  denial of in forma pauperis status on ground that complaint is
7  frivolous); *see also East v. Tigert*, E.D. Cal. no. 1:10-cv-02174-LJO-MJS,
8  2011 U.S. Dist. LEXIS 142651 at 5 n.4 (relying upon *O'Neal* to find that
9  Ninth Circuit's dismissal for failure to prosecute after inmate had
10 failed to pay appeal filing fee constituted a strike under § 1915(g)).
11 Accordingly, the Court finds that the district court and Ninth Circuit's
12 dismissals of Mr. Rupe's *Woodward* case each constitute a strike under §
13 1915(g).

14 **B.    *Paul Anthony Rupe v. James Gomez, et al.*, N.D. Cal. Case no.**
15 **C-94-1296-EFL**

16 While § 1915(g) does require the Court to consider actions dismissed
17 before § 1915(g)'s 1996 enactment, *see Tierney v. Kupers*, 128 F.3d 1310,
18 1311-12 (9th Cir. 1997), the Court finds that this action was not
19 dismissed because it was frivolous, malicious, or failed to state a
20 claim, but rather was voluntarily dismissed. *See* ECF No. 112-2 at 45-46
21 ("The Court will therefore DISMISS WITH PREJUDICE plaintiff's claim
22 against defendant Marshall for violation of his First Amendment rights.
23 *Fed. R. Civ. P. 41(a)(2).*" (emphasis added; capitalization in original)).
24 Accordingly, the Court finds that this case does not constitute a strike
25 under § 1915(g).
26 /

ORDER * 4

1  **C.   *Paul Anthony Rupe v. David J. Tirapelle, et al.*, N.D. Cal. no.
2  C-9302525 EFL**

3  This matter was dismissed on November 16, 1993, pursuant to the
4  district court's screening of the Complaint under the precursor to §
5  1915(e), 28 U.S.C. § 1915(d), Pub. L. No. 96-82, 93 Stat. 645 § 6 (1979)
6  (hereinafter "old § 1915(d)").  Old § 1915(d) permitted courts to
7  "dismiss the case if the allegation of poverty is untrue, or if satisfied
8  that the action is frivolous or malicious," *id.*, a sort of prototype of
9  the language of current § 1915(e).  Under judicial interpretation of old
10 § 1915(d), courts were permitted to dismiss an action under § 1915(d) as
11 "frivolous where it lacks an arguable basis either in law or in fact."
12 *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*,
13 490 U.S. 319, 325 (1989)).  This is exactly what the court did: it cited
14 old § 1915(d) and recognized that it could "dismiss *sua sponte* those
15 claims premised on meritless legal theories or that clearly lack any
16 factual basis," then proceeded to briefly discuss Mr. Rupe's allegations
17 and dismiss the case.  ECF No. 112-2 at 48-50.  Furthermore, the Ninth
18 Circuit interprets current § 1915(g) in accord with its "ordinary,
19 contemporary, common meaning," and finds a case frivolous "if it is 'of
20 little weight or importance: having no basis in law or fact,'" *Andrews*,
21 398 F.3d at 1121 (quoting *Webster's Third New International Dictionary*
22 913 (1993)).  Mr. Rupe's *Tirapelle* case meets this standard.
23 Accordingly, the Court finds Defendants have sufficiently demonstrated
24 that Mr. Rupe's claims in this matter were dismissed for failure to state
25 a claim.
26 /

ORDER * 5

**III. Conclusion**

For the reasons discussed above, the Court finds that Mr. Rupe's actions and appeals in *Woodward* and *Tirapelle* constitute three "strikes" under § 1915(g). Accordingly, Mr. Rupe's in forma pauperis status must be revoked; Mr. Rupe shall have thirty (30) days from the entry of this Order to pay the $350.00 filing fee. If Mr. Rupe fails to pay the filing fee within that time, this case will be dismissed.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Revoke In Forma Pauperis Status under 28 U.S.C. [§] 1915(g), **ECF No. 112**, is **GRANTED**.

2. Plaintiff's in forma pauperis status, **ECF No. 13**, is **REVOKED**.

3. Plaintiff shall pay the $350.00 filing fee in full **within thirty (30) days of the entry of this Order**. Failure to pay the full filing fee within thirty days will result in dismissal of this action without prejudice.

4. The June 19, 2012 scheduling conference, *see* ECF No. 107, is **STRICKEN**. Defendants' responsibility to respond to Mr. Rupe's Motion for Class Certification, ECF No. 115, is **STAYED** until Mr. Rupe has complied with this Order.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to Mr. Rupe and defense counsel.

**DATED** this ___18th___ day of June 2012.

                    s/Edward F. Shea
                    EDWARD F. SHEA
            Senior United States District Judge

Q:\Civil\Other Cts\CA-ED\ED.CA.08.2454.revoke.IFP.lc2.wpd

ORDER * 6