UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| PAUL ANTHONY RUPE,<br><br>                Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, in his official capacity as Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>                Defendants. | No.  CV-08-2454-EFS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, FOR CLASS CERTIFICATION, AND TO APPOINT COUNSEL** |

     Before the Court, without oral argument, are Plaintiff Paul Anthony Rupe's Motion for Class Certification, ECF No. 115, construed motion for reconsideration of the Court's June 18, 2012 Order revoking Plaintiff's *in forma pauperis* status, ECF No. 120, and Motion for Appointment of Counsel, ECF No. 137.[1]  Having reviewed the pleadings and the applicable authority, the Court is fully informed and now enters the following Order.

---

[1] Also pending before the Court is Defendants Martinez, Jackson, and Williams' Motion to Dismiss, ECF No. 128, which the Court will address by separate Order to follow.

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 1

### I. PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Nearly four years after filing this lawsuit, Plaintiff seeks to convert it to a class action and to certify a class pursuant to Federal Rule of Civil Procedure 23. For the reasons set forth below, the Court denies Plaintiff's motion for class certification.

**A. Background**

Plaintiff, an incarcerated inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is a practicing Druid who alleges various constitutional and statutory violations concerning his religious practice and conditions of confinement. On December 14, 2011, Plaintiff filed his Second Amended Complaint (hereinafter, "Complaint"). The Complaint names the Secretary of the CDCR[2] and thirty-seven individual CDCR employees as Defendants, and it includes nine separately-numbered claims. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages, for alleged violations of his First, Fourth, Eighth, and Fourteenth Amendment rights, and for alleged violations of the

---

[2] The Second Amended Complaint names Defendant M. Cate as the "Secretary of Corrections"; however, as of December 27, 2012, the Secretary of the California Department of Corrections and Rehabilitation is Jeffrey A. Beard. *See About CDCR*, California Department of Corrections & Rehabilitation, http://www.cdcr.ca.gov/About_CDCR/Secretary.html (last visited Feb. 27, 2013). Because Defendant Cate was sued in his official capacity, *see* ECF No. 101, at 3 ¶ 5, Dr. Beard is hereby substituted for Defendant Cate. The caption for this lawsuit is hereby amended as set forth below to reflect this change.

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 2

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.[3]

On June 13, 2012, Plaintiff moved for class certification. ECF No. 115. He seeks to certify a class defined as follows:

> All persons, male and female, currently incarcerated within California Department of Corrections and Rehabilitation who are registered members of the [Order of Bards Ovates and Druids ("OBOD")], practice with, are under the training of, or have trained with a registered member of OBOD[,] and are being denied access to: sacred land areas[,] weekly Druid sweathouse ceremonies, food for religious celebrations[,] and/or religious ritual items common to all druidic practitioners.

ECF No. 115, at 1–2. Plaintiff asserts that the requirements of Rule 23(a) have been met, and he seeks certification pursuant to Rule 23(b)(2). Defendants oppose certification. ECF No. 123.

**B.  Legal Standard**

Class certification is governed by Federal Rule of Civil Procedure 23. In all cases, the party "seeking class certification bear[s] the burden of demonstrating that [it has] met each of the four requirements of [Rule 23(a)] and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011) (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001)).

---

[3] Plaintiff's first, second, and third claims seek injunctive relief based on violations of the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause, and RLUIPA, respectively. ECF No. 101, at 27-29. The remaining six claims seek monetary damages against individual defendants for various constitutional violations. *Id.* at 29-32.

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 3

Under Rule 23(a),

> the party seeking certification must demonstrate, first, that: (1) the class is so numerous that joinder of all members is impracticable ["numerosity"], (2) there are questions of law or fact common to the class ["commonality"], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"], and (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy"].

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011) (internal quotation marks and paragraph breaks omitted) (citing Fed. R. Civ. P. 23(a)). In addition, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Id.*

Here, Plaintiff seeks certification pursuant to Rule 23(b)(2),[4] which applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) certification "'is appropriate only where the primary relief sought is declaratory or injunctive.'" *Ellis*, 657 F.3d at 986 (quoting *Zinser*, 253 F.3d at 1195). The "key to a [Rule 23(b)(2)] class is the indivisible nature of the injunctive or declaratory remedy warranted," because "claims for *individualized* relief . . . do not satisfy the Rule." *Wal-Mart*, 131 S. Ct. at 2557 (internal

---

[4] Plaintiff's memorandum in support of his motion requests certification pursuant to Rule 23(b)(2), and does not address certification under Rule 23(b)(1) or 23(b)(3). *See* ECF No. 115, at 4. Therefore, the Court considers Plaintiff's certification motion under the legal standard applicable to Rule 23(b)(2) certification.

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 4

quotation omitted).   Thus, Rule 23(b)(2) certification is not warranted when each class member is otherwise entitled to individualized relief, whether in the form of monetary damages or individual injunctions. *Id.*

**C.  Discussion**

Plaintiff's four-page memorandum in support of his motion for class certification does not satisfy his burden under Rule 23. He fails to demonstrate the rigorous Rule 23(a) requirements of numerosity, typicality, and adequacy.[5] Moreover, because of the individualized nature of his claims, Plaintiff is not entitled to certification under Rule 23(b)(2).

1.  Numerosity

First, Plaintiff must establish that "the [proposed] class is so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1); *Wal-Mart*, 131 S. Ct. at 2548. While "no specific minimum number of plaintiffs is necessary," *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 680 (S.D. Cal. 1999), "the mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient to meet this prerequisite." *Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 833 (5th Cir. 1983). "The central question is whether [a plaintiff has] sufficiently identified and demonstrated the existence of the numbers of persons for whom they speak." *Schwartz*,

---

[5] The Court does find, however, that Plaintiff has sufficiently demonstrated the commonality requirement of Rule 23(a)(3).

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 5

183 F.R.D. at 680-81. "Mere speculation as to satisfaction of this numerosity requirement" is not sufficient. *Id.* at 681.

Plaintiff's motion for class certification and his accompanying declaration do not sufficiently establish that Plaintiff's putative class satisfies the numerosity requirement. Plaintiff contends that he "personally registered" over 25 prisoners between 2006 and 2009, and taught over 30 prisoners about his religious beliefs; however, the Court finds that neither of these allegations demonstrates that joinder is impractical. Plaintiff also contends, at various points in his brief or accompanying declaration, that "[t]here are well over 100 OBOD Druids within the California prison system," ECF No. 115, at 2; "Plaintiff has provided personal knowledge of over 70 class members," *id.* at 3; and that he has "trained and taught well over 40 prisoners" at his current correctional facility, *id.* at 7. Plaintiff also contends that he has a letter indicating that, in 2009, there were 84 members of his religious organization in the California correctional system; however, he does not provide a copy of the letter for the Court's consideration. In short, Plaintiff does not provide any extrinsic, corroborative information about the current size of the proposed class, and his representations about his personal knowledge of members of his religious order are inconsistent, unsupported, and largely outdated. Even if the Court found these representations credible, the Court cannot determine how many — if any — of the individuals Plaintiff has identified are still incarcerated.

Moreover, based on Plaintiff's putative class definition, membership in his religious organization is insufficient, by itself,

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 6

to qualify for class membership.  To be class members, those persons must also be "denied access to sacred land areas[,] weekly Druid sweathouse ceremonies, food for religious celebrations[,] and/or religious ritual items common to all druidic practitioners." ECF No. 115, at 2.  Plaintiff's filings do not sufficiently allege that any member of his religious organization, other than himself, has been denied these enumerated items and rituals.  Thus, the Court is left to speculate about the number of members of Plaintiff's religious organization currently incarcerated in California correctional facilities and how many, if any, would qualify as members of the proposed class.  On this basis, the Court finds that Plaintiff has failed to demonstrate numerosity.

    2.    <u>Commonality</u>

Second, Plaintiff must establish that "there are questions of law or fact common to the [proposed] class[.]"  Fed. R. Civ. P. 23(a)(2); *Wal-Mart*, 131 S. Ct. at 2548.  The commonality requirement "'serves chiefly two purposes: (1) ensuring that absentee class members are fairly and adequately represented; and (2) ensuring practical and efficient case management.'"  *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2009) (quoting *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998)).  Plaintiff need not show that "[a]ll questions of fact and law [are] common," as "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  In fact, "[t]he commonality requirement will be satisfied

if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (cited with approval by *Rodriguez*, 591 F.3d at 1122).

Much of Plaintiff's complaint reflects highly-individualized factual allegations and legal claims based on conduct by individual defendants directed solely at Plaintiff. However, assuming that there are other members of the putative class besides Plaintiff, several questions of law are likely common to all members of the putative class — at least, insofar as the class shares Plaintiff's first, second, and third claims for injunctive relief based on alleged customs and policies of the CDCR. For example, as to Plaintiff's third claim for violations of RLUIPA, such common questions include a) whether the items and activities identified in Plaintiff's proposed class definition constitutes "religious exercise" within the meaning of RLUIPA, *see* 42 U.S.C. § 2000cc-5(7)(A), b) whether Defendants have adopted a policy that effectively prohibits all members of the proposed class from engaging in protected religious exercise, c) whether that policy or any of Defendants' policies constitutes a "substantial burden" on religious exercise by members of the proposed class, *see* § 2000cc-1(a)(1)-(2), and d) whether Defendants can establish that such a burden, if it exists, furthers "a compelling governmental interest" and does so by "the least restrictive means." *Id.* These questions would be shared by all members of the proposed class that share Plaintiff's third claim for injunctive relief. And because Rule 23(a)(2)'s commonality requirement can be satisfied by a

relatively trivial showing of "at least one [common] question of fact or law", *Baby Neal*, 43 F.3d at 56, Plaintiff has satisfied his burden of demonstrating commonality.

3. <u>Typicality</u>

Third, Plaintiff must establish that "[his] claims or defenses . . . are typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3); *Wal-Mart*, 131 S. Ct. at 2548. "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "'Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.'" *Id.* (quoting *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal. 1986)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotation and citation omitted).

As discussed above with respect to commonality, Plaintiff's first, second, and third claims may be typical of his proposed class, to the extent that CDCR maintains policies or customs that violate the proposed class's constitutional and statutory rights to religious exercise. However, unlike the commonality requirement – which can be satisfied by a single common question or law or fact – the typicality requirement requires an examination of the totality of the class representative's interests in the suit. *See Hanon*, 976 F.2d at 497

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 9

(requiring examination of the nature of the alleged injuries and the uniqueness of the offending conduct directed at the class representative). When viewed in totality, Plaintiff's nine claims demonstrate that his alleged injuries and causes of action are not typical of the class. His fourth through ninth claims allege unlawful conduct directed exclusively at him by individual CDCR employees: for example, "silenc[ing] Plaintiff's religious practice by placing him up for transfer," ECF No. 101, at 29; "order[ing] Plaintiff off the Wiccan/Pagan grounds," *id.* at 30; denying Plaintiff "the ability to collect names for services," *id.*; "plac[ing] Plaintiff at a prison which offers a limited amount of library access as a means of retaliating," *id.* at 30-31; "falsely charging [Plaintiff] with misconduct," *id.* at 31; and "failing to provide Plaintiff with an impartial hearing officer," *id.* Not only are these allegations specific to Plaintiff, but they are largely intertwined with — and indeed, form the basis of — his first, second, and third claims for injunctive relief. He alleges that the individual acts taken against him are the consequence of or in retaliation for his exercise of his religious beliefs; in essence, Plaintiff's belief that CDCR has adopted policies and customs which interfere with his religious exercise arises from his individual experiences. Plaintiff has provided no basis for the Court to conclude that this individualized conduct has been directed at anyone other than Plaintiff, or that others have experienced the same injuries as Plaintiff. Accordingly, Plaintiff has failed to satisfy the Rule 23(a)(3) requirement of typicality.

1    4.  <u>Adequacy</u>

Fourth, Plaintiff must establish that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Wal-Mart*, 131 S. Ct. at 2548. "Adequate representation 'depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.'" *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (quoting *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir. 1992)). Notably, neither Plaintiff's opening brief nor his reply brief addresses the "adequacy" requirement.

Even assuming that Plaintiff's putative class action was confined to his first three claims for injunctive relief, Plaintiff has failed to satisfy his burden of demonstrating that he will adequately represent the putative class. As previously noted, the Complaint largely consists of individualized grievances by Plaintiff about the conduct of numerous CDCR employees and contains no reference to his desire to represent a similarly-situated class of persons, which demonstrates that since the inception of this suit, Plaintiff has focused on his own claims and circumstances. The Complaint alleges no claims on behalf of any other person who would qualify as a member of his putative class.

"A class representative must . . . 'possess the same interest and suffer the same injury' as the [other] class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S.

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 11

208, 216 (1974)). Plaintiff has not demonstrated that he has suffered the same injury as any other member of his putative class; and even if he had demonstrated an identical injury, he has not shown he "operate[s] under a proper understanding of [his] representational responsibilities." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997).

Additionally, Plaintiff is an incarcerated inmate who proceeds *pro se* in this action. "Pro se prisoner plaintiffs . . . are not adequate class representatives able to fairly represent and adequately protect the interests of the class." *Reed v. Bd. of Prison Terms*, No. C 03-2917 MMC PR, 2003 WL 21982471 (N.D. Cal. Aug. 8, 2003) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). As long as he proceeds *pro se*, Plaintiff cannot represent any person's interests in this suit other than his own. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

Plaintiff suggests that his *pro se* status is immaterial if the Court appoints counsel to represent him; however, this argument is specious. As discussed below, the Court has discretion to designate counsel pursuant to 28 U.S.C. § 1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff's desire to pursue class-action relief does not present such an "exceptional circumstance"; otherwise, every *pro se* prisoner seeking class-action relief would be automatically entitled to the appointment of counsel. Having now twice found that this case presents no such exceptional circumstances, the Court finds no basis to alter that conclusion simply because Plaintiff has presented a

1  motion for class certification.  And absent counsel, Plaintiff cannot
2  satisfy the Rule 23(a)(4) requirement of adequacy.

3     5.   Certification Under Rule 23(b)(2)

4  The Court need not reach the question of whether Plaintiff's
5  first three claims for injunctive relief seek the sort of indivisible
6  remedy that Rule 23(b)(2) permits, because Plaintiff's remaining six
7  claims seek highly-individualized relief in the form of monetary
8  damages.  These monetary damages claims each arise from specific
9  actions by individual defendants directed toward Plaintiff.  For
10 example, Plaintiff's fourth claim alleges that certain individual
11 defendants "used their positions in [administrative] hearings to
12 silence Plaintiff's religious practice by placing him up for
13 transfer."  ECF No. 101, at 29.  While *similar* alleged conduct may
14 have occurred with respect to other members of Plaintiff's proposed
15 class, each instance of such conduct is legally distinct and separate:
16 each would require *individualized* proof of harm, and each would give
17 rise to an *individualized* right of relief.  Thus, insofar as these six
18 claims can be read to assert similar unlawful conduct directed toward
19 all members of Plaintiff's class, the claims do not create an
20 indivisible right to relief.

21 In short, the Court cannot adjudicate Plaintiff's monetary-
22 damages claims on behalf of the entire class without separately
23 considering the unique facts and circumstances of each claim as to
24 each class member to determine the appropriate remedy.  And for this
25 reason, Rule 23(b)(2) certification is inappropriate here.  *See Wal-*
26 *Mart*, 131 S. Ct. at 2557.

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 13

**D.   Conclusion**

For the foregoing reasons, the Court finds that class certification is not warranted. Plaintiff's motion for class certification, ECF No. 115, is therefore denied.

## II.   PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION OF THE COURT'S REVOCATION OF HIS *IN FORMA PAUPERIS* STATUS

On November 14, 2008, Plaintiff applied to proceed *in forma pauperis* ("IFP") in this matter, ECF No. 9; and on January 14, 2009, the Court granted Plaintiff's IFP application. ECF No. 13. However, on June 6, 2012, Defendants moved to revoke Plaintiff's IFP status, contending that he was ineligible to proceed IFP having previously received three "strikes" under 28 U.S.C. § 1915(g). ECF No. 112. On June 18, 2012, the Court granted Defendants' motion and revoked Plaintiff's IFP status. ECF No. 116.

On June 27, 2012, the Court received Plaintiff's opposition to the revocation of his IFP status. ECF No. 120. By subsequent order, the Court construed Plaintiff's opposition as a motion to reconsider. ECF No. 130. The Court directed Defendants to file any opposition to the motion to reconsider by September 12, 2012, and permitted Plaintiff to file a reply by October 3, 2012. No timely response from Defendants was filed, but Plaintiff filed his reply on October 1, 2012. ECF No. 141.

On November 2, 2012, realizing their earlier oversight, Defendants requested permission to file their opposition to Plaintiff's motion to reconsider, ECF No. 145, and Defendants contemporaneously filed their opposition brief. ECF No. 146. Having

1 reviewed Defendants' request, ECF No. 145, the Court construes the
2 request as a motion for leave to file an untimely memorandum.  Having
3 reviewed the material filed in support of the construed motion, the
4 Court finds sufficient cause to permit the late filing and therefore
5 grants Defendants' motion.

6 　　　As a basis for revocation of Plaintiff's IFP status, Defendants
7 initially alleged that Plaintiff received a § 1915(g) "strike" in four
8 separate cases:  1) *Rupe v. J.S. Woodward*, No. CIV-S-04-2630 LKK DAD
9 (E.D. Cal.) ("*Woodward I*"), 2) *Rupe v. J.S. Woodward*, No. 06-15905
10 (9th Cir.) ("*Woodward II*"), 3) *Rupe v. Gomez*, No. C-94-1296-EFL (N.D.
11 Cal.) ("*Gomez*"), and *Rupe v. Tirapelle*, No. C-9302535-EFL (N.D. Cal.)
12 ("*Tirapelle*").  Plaintiff only challenges the application of a §
13 1915(g) strike in *Woodward II* and *Gomez*, thereby conceding the
14 application of a § 1915(g) strike to *Woodward I* and *Tirapelle.*  As to
15 *Woodward II*, however, the Court finds that a § 1915(g) strike is
16 warranted.  Although *Woodward II* was dismissed by the Ninth Circuit on
17 August 21, 2006 for failure to prosecute, the docket reflects a prior
18 July 20, 2006 order denying Plaintiff leave to proceed IFP and
19 directing him to show cause why the judgment "challenged in this
20 appeal should not be summarily affirmed."  Ex. 2 to Def's Mot., ECF
21 No. 112-2, at 18.  Plaintiff's failure to comply with the Ninth
22 Circuit's directive to show cause does not negate the fact that his
23 appeal was determined to be frivolous, and the dismissal of that
24 appeal for his failure to prosecute does not shield the appeal from
25 receiving a strike under § 1915(g).  *Cf. O'Neal v. Price*, 531 F.3d
26 1146, 1153 (9th Cir. 2008) (holding that a § 1915(g) strike applies to

1  a dismissal even if the dismissal is styled as a denial of an
2  application to proceed IFP). Having concluded that *Woodward II* should
3  count as a strike under § 1915(g), the Court need not address
4  Plaintiff's contention that *Gomez* does not qualify for a strike.

5      Because Plaintiff has, while incarcerated, brought at least
6  three federal actions or appeals which were frivolous, malicious, or
7  failed to state a valid claim – *Woodward I*, *Woodward II*, and *Tirapelle*
8  – Plaintiff may not proceed IFP in this action. *See* § 1915(g). The
9  Court further finds no basis to conclude that Plaintiff is in
10 "imminent danger" and should therefore be exempted from the provisions
11 of § 1915(g). Additionally, the Court also notes that since Plaintiff
12 has already paid the filing fee, his motion for reconsideration is
13 ultimately moot. *See Price v. Bjelland*, 370 Fed. Appx. 838, 840 (9th
14 Cir. 2010). Accordingly, Plaintiff's construed motion for
15 reconsideration, ECF No. 120, is denied.

16     **III.   PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

17     Plaintiff, who currently proceeds *pro se*, asks the Court to
18 appoint counsel to assist him with this matter. ECF No. 137.
19 Plaintiff recites difficulties he has with access to legal materials
20 while in prison; Plaintiff also indicates that he lacks financial
21 resources to retain counsel, and that counsel would likely be able to
22 assist him with preparing and trying this case. *Id.* Plaintiff
23 previously moved for the appointment of counsel on July 9, 2009, ECF
24 No. 30; the Court denied that motion. ECF No. 32.

25     The Court has discretion to designate counsel pursuant to 28
26 U.S.C. § 1915(e)(1) only under exceptional circumstances. *See Terrell*

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 16

1  *v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Determining whether
2  exceptional circumstances exist requires evaluating "the likelihood of
3  success on the merits and plaintiff's ability to articulate his claims
4  *pro se* in light of the complexity of the legal issues involved." *Id.*
5  (citation omitted).

6  Plaintiff's request for counsel does not evince the "exceptional
7  circumstances" that are required under 28 U.S.C. § 1915(e)(1).  To the
8  extent Plaintiff's access to legal material may be limited, he shares
9  that limitation with every other incarcerated *pro* se litigant.  His
10 inability to afford counsel is also not an exceptional circumstance.
11 And Plaintiff's contention that the trial in this matter will involve
12 "conflicting testimony" is true of nearly every trial.

13 Further, the Court is unpersuaded that the complexity of this
14 case warrants appointment of counsel.  Plaintiff has thus far
15 demonstrated an ability to articulate his claims, engage in motions
16 practice, and meaningfully participate in discovery, scheduling
17 conferences, and other pretrial proceedings.  Plaintiff has not
18 demonstrated he is incapable of effectively representing himself in
19 this case.

20 Lastly, the Court notes Plaintiff's assertion that he has
21 indirectly contacted private counsel, who has expressed interest in
22 accepting his case but has not yet decided to do so.  Based on this
23 representation, the Court concludes that Plaintiff has not
24 demonstrated he is unable to obtain counsel.  The Court further
25 concludes that this "lone and inconclusive inquiry to obtain
26 representation of counsel is not indicative of 'a diligent effort to

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 17

1 obtain counsel,'" an effort Plaintiff is required to make. *Johnson v.*
2 *Comm'r of Soc. Sec.*, No. 3:11-CV-2596-JAH (BLM), 2012 WL 124793 (S.D.
3 Cal. Jan. 17, 2012) (quoting *Bailey v. Lawford*, 835 F. Supp. 550, 552
4 (S.D. Cal. 1993)).

5     The record presently before the Court does not reflect
6 exceptional circumstances which warrant the appointment of counsel to
7 assist Plaintiff at this time.  Plaintiff's motion for the appointment
8 of counsel, ECF No. 137, is therefore denied.

9     Accordingly, **IT IS HEREBY ORDERED**:

10     1.   Dr. Jeffrey A. Beard, the current Secretary of the
11 California Department of Corrections and Rehabilitation, is
12 hereby **SUBSTITUTED** for Defendant M. Cate.  All further
13 pleadings filed in this action shall bear the following
14 caption:

15         PAUL ANTHONY RUPE,
16                 Plaintiff,
17     v.
18         JEFFREY BEARD, in his official
        capacity as Secretary of the
19         California Department of Corrections
        and Rehabilitation, et al.,
20
                Defendants.
21

22     2.   Plaintiff's Motion for Class Certification, **ECF No. 115**, is
23 **DENIED.**
24     3.   Defendants' construed motion for leave to file an untimely
25 memorandum, **ECF No. 145**, is **GRANTED.**
26 //

ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS - 18

4.   Plaintiff's construed motion for reconsideration of the Court's June 18, 2012 Order revoking Plaintiff's *in forma pauperis* status, **ECF No. 120**, is **DENIED.**

5.   Plaintiff's Motion for Appointment of Counsel, **ECF No. 137**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to Mr. Rupe and to defense counsel.

**DATED** this   5th   day of March 2013.

                       s/ Edward F. Shea
                     EDWARD F. SHEA
               Senior United States District Judge